**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1416**

———————————

ALICE BERTILLE MBANG,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

———————————

**No. 06-2078**

———————————

ALICE BERTILLE MBANG,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

———————————

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A97-624-334)

———————————

Submitted: September 12, 2007        Decided: October 11, 2007

———————————

Before SHEDD and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Petitions denied by unpublished per curiam opinion.

_____

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Stephen D. Booker, UNITED STATES DEPARTMENT OF JUSTICE, Dallas, Texas, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Alice Bertille Mbang, a native and citizen of Cameroon, petitions for review of two separate orders of the Board of Immigration Appeals ("Board") (1) adopting and affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) denying her motion to reopen immigration proceedings.

In her petition for review in No. 06-1416, Mbang first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Mbang fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Mbang's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378

- 3 -

F.3d 361, 367 (4th Cir. 2004).  Because Mbang fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Mbang fails to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006).  We find that Mbang failed to make the requisite showing before the immigration court.  Accordingly, we deny the petition for review in No. 06-1416.

In No. 06-2078, Mbang contends that the Board abused its discretion in denying her motion to reopen immigration proceedings based on new evidence.  We have reviewed the record and the Board's order and find that no abuse of discretion occurred.  See 8 C.F.R. § 1003.2(a) (2007).  Accordingly, we deny the petition for review for the reasons stated by the Board.  See In Re: Mbang, No. A97-624-334 (B.I.A. Sept. 7, 2006).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

- 4 -